**RALPH HERBERT, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and EDWIN POTTER, Defendant**

Civil No. 351/1981

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

May 24, 1982

STEDMAN HODGE, ESQ., Charlotte Amalie, St. Thomas, V.I., *for plaintiff*

JOANN WEBB ANDERSON, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for Government*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on plaintiff's motion to recon-

sider. Although the Government has failed to file any response, the motion will be denied.

A brief chronology of events will lay the groundwork for the Court's analysis.

On November 6, 1979, plaintiff was terminated from his position as Corrections Supervisor, Virgin Islands Bureau of Corrections. According to the letter of termination sent to plaintiff, the termination was bottomed on plaintiff's "abandonment of position for five days or more." This allegedly arose out of plaintiff's failure to report for work or contact the Bureau of Corrections from June 1979 until the date of termination and the fact that a similar absence in violation of the Bureau's Manual of Instructions For Staff had occurred on an earlier occasion (Exhibit II annexed to the complaint). Defendant asserts that he was under the medical care of a doctor in Newark, New Jersey, during the pertinent period of absence from his job (Exhibit I annexed to the complaint). There can be no dispute that the letter of termination made no reference whatsoever to plaintiff's right of appeal to the Government Employees Service Commission.

Sometime in or about October 1980, not quite a year after his termination, plaintiff sought review of the action of Bureau of Corrections through the Government Employees Service Commission. This attempt was rejected by the Commission as evidenced by its letter of October 28, 1980, advising that it lacked jurisdiction of the matter because the appeal was untimely filed (Exhibit III annexed to the complaint). Thereafter, on March 26, 1981, almost six months later, plaintiff instituted this action. The defendant, Edwin Potter, was served with process on April 10, 1981, and the defendant Government of the Virgin Islands was served on July 1, 1981.[1] On or about July 7, 1981, defendants filed an answer and the matter was at issue. Nothing further occurred until September 1, 1981, at which time the scheduled trial date was continued, at defendant's request, to September 22, 1981. On September 22, 1981, the matter was again continued until September 29, 1981, this time at plaintiff's request. On September 29, 1981, the matter was again continued to October 1, 1981,[2] at which time both plaintiff and defend-

---

[1] A prior attempt of service upon the government was the subject of a motion to quash and service was thereupon properly effected pursuant to Rule 4(d)(6) Fed. R. Civ. P.

[2] The record of proceedings does not disclose the basis of the continuance or at whose request it was granted.

ants (through defendant Potter) and their respective counsel appeared. The record of proceedings for that date recites:

> Judgment by consent. Plaintiff to be hired as a correctional officer for a period of six (6) months. After six (6) months if work is satisfactory then plaintiff should get position as supervisor. Each attorney [sic] bear own costs.
>
> Judgment stay as is until Attorney General submit in writing that they object to the consent judgment that was entered.

The matter then lay dormant for four more months when a notice of appearance was filed on February 9, 1982, by Stedman Hodge, Esq., on behalf of plaintiff.[3] This was followed in rapid order by the entry, by Judge Petersen, of an order of recusal on February 26, 1982, and the entry on March 12, 1982, of an order to show cause why the matter should not be dismissed for lack of prosecution, to be argued on April 19, 1982.

For the month between the entry of the aforementioned order to show cause and the hearing on April 19, 1982, there was no communication to the Court by any party. However, at oral argument, plaintiff asserted his readiness to go to trial that day. No prior notice of this alleged intention to go to trial had been given to defendants or to the Court.

In light of the record in this case and the fact that no viable explanation for delay had been given, the Court entered its order of dismissal, without prejudice, on April 19, 1982. The motion to reconsider promptly followed.

No matter is presented in the supporting affidavits which was not already argued to the Court on April 19, 1982.

■■ Numerous cases declare that dismissal for lack of prosecution is in the discretion of the Court and that such action will be overturned only for abuse of discretion. No specific time limits must be applied; rather all of the circumstances in each particular case must be considered in determining whether dismissal is appropriate. While valid excuses may be offered to justify the delay, the fact that a plaintiff has been stirred into action by the entry of an order to show cause why the matter should not be dismissed, is simply not an acceptable excuse. C. WRIGHT AND A. MILLER, FEDERAL PRACTICE & PROCEDURE: Civil § 2370 at 203, 204.

Notwithstanding the foregoing, the Court would be reluctant to

---

[3] Parenthetically we note that no substitution of attorney was filed and thus both G. Luz A. James, Esq., and Stedman Hodge, Esq., appear as counsel for plaintiff.

dismiss on this ground alone. When, however, this ground is coupled with a jurisdictional defect which would prevent plaintiff from prevailing, such as is here present, it becomes apparent that dismissal is appropriate.

Although the complaint styles this action as an "action for Declaratory Judgment" it is, in fact, simply a petition for a writ of review of the Government Employees Service Commission's rejection of the appeal to it as untimely filed.

Plaintiff can, perhaps, successfully argue that the failure to advise him of his right of appeal in the letter of termination tolled the time for the filing of his notice. No such infirmity, however, exists with regard to the rejection by the G.E.S.C. of the appeal on October 28, 1980. Plaintiff's remedy was to seek review of this action of the G.E.S.C. within the time prescribed. The appropriate procedure is succinctly set forth in 5 V.I.C. § 1421 et seq. and directs us to Rule 11, Rules of the District Court of the Virgin Islands, T. 5 App. V, R. 11,[4] wherein it is provided, in pertinent part:

(a) A writ of review may be allowed by the court upon the petition of any person aggrieved by the decision or determination of an officer, board, commission, authority or tribunal. Such petition shall be filed within 30 days after the date of the decision or determination complained of and shall recite such decision or determination and set forth the errors alleged to have been committed therein . . . .

■ In the instant case, the complaint, having been filed on March 26, 1981, one hundred seventy-six days after the G.E.S.C.'s refusal to accept jurisdiction, was time barred.

Since there is no way in which plaintiff could prevail by reason of his failure to act within the time prescribed, no valid purpose would or could be served by granting the motion to reconsider.

---

[4] For applicability of this rule to the Territorial Court see 4 V.I.C. § 83 (1976) which provides:

Section 83. *Procedure: rules and writs*

The practice and procedure in the Territorial Court shall be prescribed by rules adopted by the District Court. Subject to the approval of the District Court, the Territorial Court may from time to time prescribe rules for the conduct of its business consistent with law and with the rules prescribed by the district court and may issue all writs and make all orders necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law.